**UNITED STATES DISTRICT COURT**

                          **DISTRICT OF NEVADA**

```
CARMEN ABBOTT and THOMAS ABBOTT,  )    3:17-cv-00149-HDM-VPC
                                  )
            Plaintiffs,           )
                                  )    ORDER
                                  )
                                  )
vs.                               )
                                  )
BOSTON SCIENTIFIC CORPORATION,    )
RENOWN REGIONAL MEDICAL CENTER,   )
VICKIE L. TIPPETTE, M.D., MYRON   )
W. BETHEL, M.D., and JOHN DOES 1- )
XX, inclusive,                    )
                                  )
                                  )
            Defendants.           )
_____)
```

Before the court is Boston Scientific Corporation's ("Boston Scientific") motion to stay all proceedings pending transfer to the United States District Court for the Southern District of West Virginia as part of *In re: Boston Scientific Corp., Pelvic Repair System Prods. Liab. Litig.*, MDL No. 2326. (ECF No. 5). On March 14, 2017, the Clerk of the Panel determined that this action is not appropriate for inclusion in the MDL. (ECF No. 7). Accordingly, Boston Scientific Corporation's motion to stay all proceedings pending transfer to MDL (ECF No. 5) is denied.

1

Also before the court is plaintiffs' motion to remand. (ECF No. 8). Boston Scientific opposed the motion (ECF No. 13) and plaintiffs replied (ECF No. 15).

Section 1332 provides a United States district court with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1447(c) provides, "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In suits originally brought in state court and then removed, there exists a "strong presumption" against removal jurisdiction such that the defendant bears the burden of establishing that removal is proper. *Id.* at 566-67. It is uncontested that plaintiffs' complaint names three non-diverse defendants: Dr. Vickie L. Tippette, Dr. Myron W. Bethel, and Renown Regional Medical Center ("Healthcare Provider Defendants"). (*See* ECF No. 1-1 (Complaint) at ¶¶ I, IV, and V). Defendant Boston Scientific removed this case on March 8, 2017, based on diversity of citizenship (ECF No.1) and now opposes remand on the basis of fraudulent

misjoinder (ECF No. 13). Boston Scientific alternatively requests that the court sever and remand the claims against the Healthcare Provider Defendants to state court pursuant to Rule 21.

Pursuant to Federal Rule of Civil Procedure 20, permissive joinder among defendants must meet two specific requirements: (1) the right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact is common to all defendants must arise in the action. Fed. R. Civ. P. 20(a)(2). Courts "start with the premise that Rule 20 . . . regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Rule 21 provides that the court may, "on just terms, add or drop a party" from an action or "sever any claim against a party." "If the test for permissive joinder [under Rule 20] is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Boston Scientific argues that neither prong of Rule 20(a)(2) is met in this case. First, Boston Scientific asserts that the product liability claims against it are distinct from the medical negligence claims against the Healthcare Provider Defendants, requiring different facts and evidence. Second, Boston Scientific argues that the claims against it and the Healthcare Provider Defendants are factually distinct and that any liability that may be found against Boston

3

Scientific would not be a basis for liability as to the Healthcare Provider Defendants.

The court finds that for the purposes of remand, plaintiffs' claims against Boston Scientific and the Healthcare Provider Defendants are sufficient to satisfy the joinder requirements. Plaintiffs allege that during the surgery, "the PRODUCT either malfunctioned due to a design or a manufacturing defect, and in breach of all warranties, express and implied, or defendants TIPPETTE and BETHEL negligently and below standards of care failed to properly utilize the device, which led to its malfunction." (ECF No. 1-1 at ¶ XI). These acts and omissions form the basis for Plaintiffs' claims and combine to cause a single injury in this case. Thus, the claims against the defendants relate to the same transaction or occurrence sufficient to satisfy Rule 20(a). The court also finds that the claims against Boston Scientific and the Health Care Providers share questions of fact. Plaintiffs allege that the defendants' conduct caused a single injury and seek to recover the same damages from all defendants.

The court declines to sever under Rule 21 as plaintiffs would be prejudiced by the severance and it would not promote judicial efficiency. Accordingly, Boston Scientific's motion to stay all proceedings (ECF No. 5) is denied. Plaintiffs' motion to remand (ECF No. 8) is granted. Having remanded this case, the court declines to consider Boston Scientific's motion to dismiss (ECF No. 10).

. . .

. . .

. . .

. . .

This case is remanded to the District Court of the State of Nevada in and for the County of Washoe for all further proceedings. Each party shall bear its own costs and attorney's fees incurred as a result of the removal. The clerk shall mail a certified copy of this order of remand to the clerk of the state court and shall administratively close file no. 3:17-cv-00149-HDM-VPC.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE